IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-564-FL-BM

| | | |
|---|---|---|
| SHAQUAN LAVENA LESANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER and** |
| | ) | **MEMORANDUM AND** |
| JULIE LYNN BELL, and NORTH | ) | **RECOMMENDATION** |
| CAROLINA DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES DIVISION OF | ) | |
| CHILD SUPPORT ENFORCEMENT, | ) | |
| | ) | |
| Defendants. | ) | |

This *pro se* case is before the court on the motion by plaintiff Shaquan Lavena Lesane ("plaintiff" or "Ms. Lesane") to proceed *in forma pauperis* [D.E. 2] pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). The court finds that plaintiff has demonstrated appropriate evidence of her inability to pay the required court costs, and the application to proceed *in forma pauperis* [D.E. 2] will be ALLOWED. However, based on the court's frivolity review and for the reasons stated below, the undersigned RECOMMENDS that plaintiff's complaint [D.E. 1] be DISMISSED.

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated her inability

to prepay the required court costs.  Accordingly, plaintiff's motion to proceed *in forma pauperis* [D.E. 2] is therefore ALLOWED.

## **MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW**

### **I.  PROCEDURAL BACKGROUND**

On or about July 8, 2024, a civil action was filed in Wake County District Court against Ms. Lesane for a child support enforcement action (the "state action") brought by Wake County, North Carolina on behalf of Jeffery B. Edwards, Jr. ("Mr. Edwards").  *See Wake County v. Lesane,* No. 24CV020955-910 (Dist. Ct. Wake Cnty. Filed July 8, 2024).  The minor child who is the subject of the state action is the child of Mr. Edwards and Ms. Lesane.  *See id*.  A state court summons issued on July 8, 2024, required Ms. Lesane to appear at the Wake County Courthouse on August 21, 2024, in relation to the state action.  *See* [D.E. 1-2].  On August 15, 2024, Ms. Lesane filed a notice of removal of the state action to this court.  [D.E. 1-1]; [D.E. 1-5] at 2; *see also* Docket Entry 1, *Wake Cnty. on behalf of Edwards v. Lesane*, No. 5:24-CV-469-FL, (E.D.N.C. Aug. 15, 2024).[1]  On August 20, 2024, the motion was referred to U.S. Magistrate Judge Kimberly A. Swank ("Judge Swank").  On August 21, 2024, Ms. Lesane did not appear at the Wake County Courthouse as ordered by the state court summons.  Additionally, on August 21, 2024, Judge Swank issued an Order and Memorandum & Recommendation ("Order and M&R") recommending the district court to issue an order remanding the matter to Wake County District Court for lack of subject matter jurisdiction, pursuant to 28 U.S.C. 1447(c).  *See Fraiser on behalf of Edwards v. Lesane*, No. 5:24-CV-469-FL-KS, 2024 WL 4489676, at *2 (E.D.N.C. Aug. 21,

---

[1] The undersigned takes judicial notice of the docket and filings in the state-court matter, which are available from the North Carolina eCourts portal, https://portal-nc.tylertech.cloud/Portal/ (last visited Nov. 15, 2024).  As relevant here, plaintiff's notice of removal is shown as filed in the Wake County Superior Court on August 15, 2024.  *See* Index #8: *Wake County v. Lesane,* No.24-CV-020955-910 (Dist. Ct. Wake Cnty. filed July 8, 2024).

2

2024), *report and recommendation adopted sub nom. Wake Cnty. on behalf of Edwards v. Lesane*, No. 5:24-CV-469-FL, 2024 WL 4235477 (E.D.N.C. Sept. 19, 2024). The deadline for objections to the Order and M&R was originally September 9, 2024, and was extended to September 18, 2024, upon a motion by Ms. Lesane. *See* Docket Entry 8, *Wake Cnty. on behalf of Edwards v. Lesane*, No. 5:24-CV-469-FL, (E.D.N.C. Sept. 9, 2024).

On August 25, 2024, Judge Julie L. Bell ("Judge Bell"), presiding over the underlying state action, issued an order to show cause (the "Show Cause Order") why Ms. Lesane "should not be committed to jail for refusing to comply with the lawful summons." [D.E. 1-2]. The Show Cause Order set a civil contempt hearing on November 1, 2024 at the Wake County Courthouse. *Id*. On September 19, 2024, United States District Judge Louise W. Flanagan signed an order (i) adopting the recommendations by Judge Swank; (ii) denying Ms. Lesane's motion for reconsideration; and (iii) remanding the matter to Wake County District Court due to lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c). *See Wake Cnty. on behalf of Edwards v. Lesane*, No. 5:24-CV-469-FL, 2024 WL 4235477, at *2. Ms. Lesane then filed the current action in federal court on October 2, 2024. *See* [D.E. 1].

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff brings her action against defendants Judge Bell and the North Carolina Department of Health and Human Services, Division of Child Support Enforcement ("NCDHHS") (together "defendants") for:

> unlawfully exercising jurisdiction and threatening civil contempt despite the proper removal of the underlying state court case to federal court. Defendants' actions violate federal law under 28 U.S.C. § 1446(d), infringe upon the due process rights guaranteed by the 14th Amendment to the U.S. Constitution, and contravene corresponding provisions of the North Carolina Constitution. As a *pro se* litigant, [p]laintiff respectfully requests that the Court construe pleadings liberally in

3

accordance with *Haynes v. Kerner*, 404 U.S. 519 (1972), thereby allowing reasonable inferences in favor of [p]laintiff.

[D.E. 1-5] at 1.

Plaintiff's complaint appears to arise from the Show Cause Order issued by Judge Bell. Specifically, plaintiff alleges Judge Bell and NCDHHS improperly "continued to exercise jurisdiction over the [state action by issuing the Show Cause Order] . . . despite the case being under federal jurisdiction." [D.E. 1-5] at 2. Additionally, plaintiff argues that the Show Cause Order "lacks the official court seal as mandated by North Carolina Supreme Court Administrative Order No. 33, violating procedural standards and further infringing upon [p]laintiff's due process rights." *Id*. at 3.

Plaintiff lists three claims for relief in her complaint. First, plaintiff brings a claim under 42 U.S.C. § 1983, alleging that "[d]efendants continued to exercise jurisdiction over the [state court] case after its proper removal to federal court" by Judge Bell "issuing the [Show Cause Order] without jurisdiction and without the official court seal as required by North Carolina Supreme Court Administrative Order No. 33." [D.E. 1-5] at 3. Plaintiff contends that these actions violated 28 U.S.C. § 1446(d); the North Carolina Constitution Art. I §§ 1, 19; and both the Fourteenth Amendment and the Supremacy Clause, *i.e.*, Article VI, Clause 2, of the United States Constitution. *See id.*

Plaintiff titles her second claims "declaratory relief." *Id.* In this claim "[p]laintiff seeks a declaratory judgment declaring that [d]efendants' actions [after the removal] were taken outside of their jurisdiction and are therefore null and void." *Id.*

Plaintiff titles her third claim "injunctive relief." *Id.* Specially, she requests "a preliminary and permanent injunction enjoining [d]efendants from taking any further actions in the state court

4

case that was properly removed to federal court" and "an injunction requiring [d]efendants to cease all enforcement actions against [p]laintiff related to the improperly handled case." *Id.*

Plaintiff states that jurisdiction is proper under "28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under federal law, including the U.S. Constitution and federal statutes . . . [and] 28 U.S.C. § 1343 (civil rights jurisdiction) as it involves claims for deprivation of rights secured by the Constitution and laws of the United States." [D.E. 1-5] at 1.

Plaintiff seeks the following relief: (1) a declaratory judgment stating defendants' actions were outside their jurisdiction in violation of 28 U.S.C. § 1446; (2) a preliminary and permanent injunction preventing defendants from taking further action in the underlying state action; (3) an injunction requiring defendants to cease all enforcement actions against plaintiff related to the underlying state action; (4) compensatory damages in the amount of $30,000; (5) punitive damages in the amount of $50,000; (6) attorney's fees; and (7) any other relief the court deems just and equitable. [D.E. 1-5] at 5.

### III. APPLICABLE LEGAL STANDARDS FOR FRIVOLITY REVIEW

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, a *pro se* plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

5

Nonetheless, the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton*, 504 U.S. at 32. The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. Jan. 8, 2007)

6

(discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## IV. ANALYSIS

Having found that plaintiff is financially eligible to proceed *in forma pauperis*, the court must now undertake a frivolity review of this case, pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), a court shall dismiss a case if the action is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern,* 190 F.3d at 654. Plaintiff does not invoke diversity jurisdiction in her claim, nor does she plead any facts supporting diversity jurisdiction. *See* [D.E. 1] at 1-2 (indicating that both plaintiff and defendants are citizens of North Carolina). Plaintiff claims federal question jurisdiction under 42 U.S.C. § 1983. *Id.* at 3.

For the reasons set forth below, the court finds that each of plaintiff's claims are subject to dismissal under 42 U.S.C. § 1915(e)(2)(B) on one or more of the following grounds: (1) the

*Younger* abstention doctrine, (2) failure to sue a "person" under § 1983; (3) defendants' immunity from suit; (4) failure to state a claim on which relief may be granted; and (5) deficient pleading.

## A.    *Younger* abstention doctrine

Plaintiff seeks relief that is in conflict with the *Younger* abstention doctrine.  Plaintiff seeks "a declaratory judgment declaring that [d]efendants' actions were taken outside of their jurisdiction and are therefore null and void"; an "injunction enjoining [d]efendants from taking any further actions in the state court case"; and "an injunction requiring [d]efendants to cease all enforcement actions against [p]laintiff related to [the state action]."  [D.E. 1-5] at 4.

*Younger v. Harris*, 401 U.S. 37 (1971), established the principle that federal courts should not intervene in state court criminal, civil, and administrative proceedings.  *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975).  "*Younger* and 'its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'"  *Beam v. Tatum*, 299 F. App'x 243, 245 (4th Cir. 2008) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).  Abstention is required where "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges."  *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

Here, the state court proceeding plaintiff discusses was ongoing and pending at the time plaintiff filed the instant complaint in federal court.  Thus, the first prong of *Younger* is met.  Next, "[f]amily relations are a traditional area of state concern."  *Moore v. Sims*, 442 U.S. 415, 435 (1979).  Thus, the second prong is met as "the States' interest in administering their [] justice systems free from federal interference is one of the most powerful of the considerations that should

8

influence a court considering equitable types of relief." *Thomas v. Equitable Life Mortg. and Realty Investors,* No. 3:13–130–CMC–PJG, 2013 WL 2352589, at *8 (D.S.C. 29 May 2013) (quoting *Kelly v. Robinson*, 479 U.S. 36, 49 (1986)). Finally, the third prong is met because plaintiff has an adequate state forum to pursue her claims relating to the constitutionality of the Show Cause Order. *See McAllister v. North Carolina,* No. 5:10-CV-79-D, 2011 WL 883166, at *5 (E.D.N.C. Mar. 11, 2011) ("[B]ecause the Cumberland County District Court retains jurisdiction over enforcement of the child support order, McAllister continues to have a venue to assert any constitutional claim he wishes to raise."); *Delaney v. D.C.*, 659 F. Supp. 2d 185, 194 (D.D.C. 2009) ("[A] party in a child support proceeding can raise any federal constitutional claims he may have."); *Price v. Biggs*, 846 S.E.2d 781, 785-86 (N.C. Ct. App. 2020) (considering Fifth and Fourteenth Amendment due process challenge in child support modification action).

However, as noted above, extraordinary circumstances may nevertheless allow federal court intervention in ongoing state court proceedings in cases of "bad faith [or] harassment"; where "a statute [is] flagrantly and patently violative of express constitutional prohibitions," *Younger*, 401 U.S. at 53, 91 S. Ct. at 755, or when "'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)). However, "the path to extraordinary circumstances is exceedingly narrow." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 100 (4th Cir. 2022).

Here, plaintiff fails to demonstrate how the Show Cause Order was issued in bad faith or with the intent to harass plaintiff in such a manner that is "flagrantly and patently" unconstitutional. Further, plaintiff has not demonstrated a threat of immediate or irreparable injury as the very hearing mandated by the Show Cause Order provides an appropriate state forum in which plaintiff

9

may raise issues pertaining to the Show Cause Order. As discussed in greater detail below, even assuming that plaintiff properly removed her claim to federal court, plaintiff alleges no facts indicating that the state court's failure to properly recognize that case as removed was a result of bad faith or to harass. Thus, even in the light most favorable to plaintiff, her claim fails to present extraordinary circumstance requiring the court to refrain from abstention.

The undersigned concludes that the doctrine of abstention under *Younger* deprives this court of subject matter jurisdiction and provides ground for dismissal of this case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, it is RECOMMENDED that plaintiff's claims be DISMISSED for lack of subject matter jurisdiction.

However, even if the court were not deprived of subject matter jurisdiction due to the *Younger* abstention doctrine, the undersigned would recommend dismissal of plaintiff's claims for one or more of the reasons discussed below.

**B. Plaintiff's § 1983 claims**

Plaintiff asserts her claims under 42 U.S.C. § 1983, the statute which provides a cause of action for alleged constitutional violations. Section 1983 imposes liability on anyone "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia" deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." *Id*. "§ 1983 is not 'a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)).

To establish a claim under § 1983, a plaintiff must prove "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was

10

committed by a person acting under the color of state law." *Hill v. Revells*, No. 4:20-CV-233-FL, 2021 WL 312621, at *2 (E.D.N.C. Jan. 6, 2021), *report and recommendation adopted*, No. 4:20-CV-233-FL, 2021 WL 308592 (E.D.N.C. Jan. 29, 2021), *aff'd*, No. 21-2110, 2021 WL 5985559 (4th Cir. Dec. 17, 2021) (quoting *Williams v. Studivent*, No. 1:09CV414, 2012 WL 1230833, at *4 (M.D.N.C. 12 Apr. 2012)) (internal citations omitted) (internal quotation marks omitted).

"[C]laims for damages brought under § 1983 can only be brought against 'persons' acting under color of state law, and neither states nor state officials acting in their official capacities are considered 'persons' under § 1983." *Gregory v. Currituck Cnty.*, No. 21-1363, 2022 WL 1598961, at *2 (4th Cir. May 20, 2022) (citing *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Additionally, state agencies as "arm[s] of the state," are not amenable to suit under § 1983. *Clark v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009) (alteration in original) (quoting *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)); *see also Thrash v. N. Carolina Dep't of Health & Hum. Servs.*, No. 7:10-CV-243-FL, 2011 WL 780595, at *5 (E.D.N.C. Feb. 28, 2011), ("As a state agency, NCDHHS is not a "person" for purposes of § 1983 and therefore not subject to suit thereunder.") (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)), *aff'd sub nom. Thrash v. Dare Cnty. Airport Auth.*, 466 F. App'x 205 (4th Cir. 2012).

Because neither Judge Bell in her official capacity nor NCDHHS are considered a "person" under § 1983, plaintiff's claims against such defendants are meritless. Accordingly, the undersigned RECOMMENDS plaintiff's damages claims against both NCDHHS and Judge Bell in her official capacity be DISMISSED for failure to state a claim under § 1983.

## C.   Defendants' immunity

In addition, Judge Bell and the NCDHHS each benefit from immunity.

11

1. **Eleventh Amendment immunity**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has interpreted the sovereign immunity that the Eleventh Amendment recognizes to apply to suits against a state by its own citizens. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98 (1984) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890), *overruled on other grounds by statute*, 42 U.S.C. § 2000d–7). "Suits against state officers in their official capacities are considered suits against the state and are barred by sovereign immunity." *Olavarria v. N. Carolina Admin. Off. of the Cts*., No. 5:15-CV-00049-F, 2015 WL 1526544, at *4 (E.D.N.C. Apr. 3, 2015) (citing *Myers*, 2013 WL 4456848, at *3). A suit against a state office is "no different than a suit against the state itself." *Will v. Mich. Dep't of State Police*, 491 U.S. at 71, 109 S. Ct. at 2312. There are only three exceptions to governmental immunity under the Eleventh Amendment: "(1) where the state agency has waived its immunity, (2) where Congress has overridden that immunity," *Philips v. N. Carolina State*, No. 5:15-CV-95-F, 2015 WL 9462095, at *6 (E.D.N.C. Dec. 28, 2015), *aff'd*, 667 F. App'x 419 (4th Cir. 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. at 66), or (3) under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), which permits "official capacity suits requesting prospective relief to achieve the officials' compliance with federal law." *D.T.M. v. Cansler*, 382 F. App'x 334, 337 (4th Cir. 2010); *Ihenachor v. Md*., No. RDB-17-3134, 2018 WL 1863678, at *4 (D. Md. 18 Apr. 2018) ("Known as the *Ex parte Young* exception, private citizens may petition federal courts to enjoin State

12

officials in their official capacities from engaging in future conduct that would violate a federal statute or the Constitution").[2]

Plaintiff argues NCDHHS "is not entitled to immunity as [NCDHHS] acted outside of its authority by continuing enforcement after the case was removed." *Id*. The undersigned finds plaintiff's argument without merit.

Plaintiff has not alleged that NCDHHS waived its immunity or that Congress abrogated such immunity. Moreover, while the *Ex parte Young* exception allows plaintiff to seek prospective injunctive relief, it must be directed at an official rather than the state or an agency thereof. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (noting that *Ex Parte Young* doctrine "has no application in suits against the States and their agencies, which are barred regardless of the relief sought").

Accordingly, because plaintiff has failed to cite a viable exception to NCDHHS' Eleventh Amendment immunity, the undersigned additionally RECOMMENDS that all claims against NCDHHS be DISMISSED for this reason.

Plaintiff has not alleged that North Carolina has waived its immunity with respect to state court judges acting in their official capacities or that Congress abrogated such immunity. Additionally, any attempt to invoke the *Ex Parte Young* exception here would be meritless. The *Ex parte Young* exception does not permit parties to cloak an appeal of a state judicial decision as "prospective relief to achieve the officials' compliance with federal law," *D.T.M.*, 382 F. App'x at 337. As the Supreme Court held:

[the *Ex parte Young*] exception does not normally permit federal courts to issue

---

[2] "In determining whether the *Ex parte Young* exception applies, 'a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *D.T.M.*, 382 F. App'x at 337 (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)).

13

> injunctions against state-court judges or clerks. Usually, those individuals do not
> enforce state laws as executive officials might; instead, they work to resolve
> disputes between parties. If a state court errs in its rulings, too, the traditional
> remedy has been some form of appeal, including to [the Supreme Court], not the
> entry of an *ex-ante* injunction preventing the state court from hearing cases.

*Whole Woman's Health v. Jackson*, 595 U.S. 30, 39, 142 S. Ct. 522, 532, 211 L. Ed. 2d 316 (2021).

The undersigned finds that plaintiff's request for relief essentially requests an interlocutory appeal

of Judge Bell's Show Cause Order and therefore does not fall within the *Ex parte Young* exception.

Accordingly, because plaintiff has failed to cite a viable exception to Judge Bell's

immunity in her official capacity, the undersigned additionally RECOMMENDS that all claims

against her in this capacity be DISMISSED.

While Judge Bell does not have Eleventh Amendment immunity for acts taken in her

individual capacity, judicial immunity applies to such acts based on the facts before the court for

the reasons discussed below.

### 2. Judicial immunity

Judges benefit from absolute judicial immunity for their judicial acts, "even when such acts

are in excess of their jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *see also*

*King v. Myers*, 973 F.2d 354, 356-57 (4th Cir. 1992) ("The Supreme Court has held that judges

are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983,

under certain conditions."). As an initial matter the undersigned notes that while plaintiff brings

claims against Judge Bell "in her . . . individual capacity" ([D.E. 1] at 1 (emphasis added)), all of

the allegations plaintiff makes against Judge Bell are for actions the latter committed in her judicial

capacity. *See generally* [D.E. 1]; *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98

L. Ed. 2d 555 (1988) (noting the distinction "between judicial acts and the administrative,

legislative, or executive functions that judges may on occasion be assigned by law to perform.").

14

Judicial immunity is not overcome by allegations of bad faith or malice, but rather when judges act in the clear absence of all jurisdiction over the subject-matter or when they engage in nonjudicial acts. *See Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) (holding judicial immunity does not apply when a judge takes law enforcement action into their own hands); *Stump*, 435 U.S. at 357, 98 S. Ct. at 1105; *Bradley v. Fisher*, 80 U.S. (13 Wall) 335 (1872).

"The courts . . . have made a critical distinction: a judge who performs a judicial act in excess of his or her jurisdiction is immune to civil suit; a judge who acts in the clear absence of jurisdiction is not." *Maestri v. Jutkofsky*, 860 F.2d 50, 52 (2d Cir. 1988). The Supreme Court distinguished between a judge acting "in excess" of jurisdiction versus "in absence" of jurisdiction by example: A probate court limited to the jurisdiction over wills and estate settlements conducting a criminal trial, lacking jurisdiction over such subject matter, would clearly be acting "in absence" of jurisdiction. *Bradley v. Fisher*, 80 U.S. 335, 352, 20 L. Ed. 646 (1871). However, a criminal court judge trying a party for a nonexistent offense or sentence a convict to a term longer than permitted by law would be acting "in excess" of jurisdiction. *Id*.

Plaintiff argues judicial immunity does not apply to Judge Bell because Judge Bell "acted outside of her jurisdiction after the case was properly removed" to federal court. [D.E. 1-5] at 5. Plaintiff cites *Mireles v. Waco*, 502 U.S. 9 (1991), in support of her contention that "judicial immunity is unavailable when a judge acts in the clear absence of all jurisdiction." [D.E. 1-5] at 5.

28 U.S.C. § 1446(d) provides that filing the notice of removal with "the clerk of such State court . . . shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Furthermore, regarding § 1446(d), the Fourth Circuit has held "that the statute deprives the state court of further jurisdiction over the removed case and

15

that any post-removal actions taken by the state court in the removed case action are void *ab initio*." *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013). However, several courts have found that the language of § 1446(d), which divests a state court of jurisdiction "unless and until the case is remanded," is more akin to a stay than a removal of all jurisdiction. *See Antelman v. Lewis*, 480 F. Supp 180, 184 (D.C. Mass. 1979); *see also Vendetti v. Schuster*, 242 F. Supp 746, 751 (D.C. Pa. 1965) (stating that a removal petition and order "stays the state court proceedings."); *Martyak v. McSorley*, No. 06-80155-CIV, 2007 WL 9701851, at *3 (S.D. Fla. Mar. 20, 2007).

Crediting plaintiff's allegations that she effectively removed her claim from state court to federal court (*see* [D.E. 1-5] at 2), Judge Bell would have been divested of jurisdiction over the state action after plaintiff's removal on August 15, 2024, until Judge Flanagan's order to remand on September 19, 2024. *See Wake Cnty. on behalf of Edwards v. Lesane,* No. 5:24-CV-469-FL, 2024 WL 4235477, at *2 (E.D.N.C. Sept. 19, 2024). As a result, any actions taken by Judge Bell in those proceedings after the removal on August 15, 2024, but before the remand on September 19, 2024, including the issuance of the Show Cause Order on August 25, 2024, would have been void.[3]

However, a finding that the Show Cause Order was void for lack of subject-matter jurisdiction, which for the avoidance of doubt, the undersigned does not here make in light of the *Younger* abstention doctrine discussed above, would not equate to a finding that Judge Bell acted "in absence of all jurisdiction." *See Stump*, 435 U.S. at 357, 98 S. Ct. at 1105. "Engaging in

---

[3] Here, the undersigned construes all facts in the light most favorable to the plaintiff for purposes of the frivolity review. The findings herein should not be construed as findings with respect to the legal validity of any actions taken by Judge Bell during the state law proceedings as any such findings are prohibited by the *Younger* abstention doctrine for the reasons discussed herein.

16

invalid actions . . . and being liable for those actions are distinct circumstances." *Martyak v. McSorley*, No. 06-80155-CIV, 2007 WL 9701851, at *3 (S.D. Fla. Mar. 20, 2007).

While the Fourth Circuit has not expressly ruled on the question, surrounding circuits and courts have found that judicial actions that occur between removal and remand are "in excess of jurisdiction," as opposed to "in absence of jurisdiction." *See Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) ("When a judge who clearly had jurisdiction over a matter is precluded from exercising that jurisdiction by a removal of the case to federal court . . . any judicial actions she takes thereafter may be 'in excess of,' but are not in the 'complete absence of,' jurisdiction."); *Davis v. Albrect*, No. CV 14-00009-PHX-DGC, 2014 WL 1875155, at *4 (D. Ariz. May 9, 2014) (finding no absence of jurisdiction in judicial acts because the state court had original jurisdiction over the criminal case); *Antelman*, 480 F. Supp at 184 (D.C. Mass. 1979) ("[A]ny action taken by a state court judge in the interval between removal and remand is more in the nature of an act taken 'in excess of jurisdiction' than an act taken in 'clear absence of all jurisdiction."); *Miller v. Dunn*, No. 3:20-CV-759-E-BN, 2023 WL 10512247, at *8 (N.D. Tex. Sept. 25, 2023), *report and recommendation adopted*, No. 3:20-CV-759-E, 2024 WL 1317793 (N.D. Tex. Mar. 27, 2024) ("[R]egardless of any error by the state judges or that their conduct was in excess of their jurisdiction once a notice of removal was filed, their actions were judicial in nature . . . [and] the state court at issue normally has jurisdiction over the family law matter that [plaintiff] removed . . . to federal court."); *Classic Distributors, Inc. v. Zimmerman*, 387 F. Supp. 829, 835 (M.D. Pa. 1974) ("Even his retention of jurisdiction after the case had been removed . . . was at worst an act in excess of his jurisdiction; the removal did not alter the fact that the subject matter of the case was initially within the jurisdiction of the state court."). Accordingly, the undersigned finds that

17

even if Judge Bell's Order to Show Cause was void, it was not in the absence of authority and therefore did not abrogate Judge Bell's judicial immunity.

Accordingly, the undersigned RECOMMENDS that claims against Judge Bell in her individual capacity be DISMISSED.

**D.      Failure to state claim**

Plaintiff alleges that the absence an official court seal on defendants' Show Cause Order "as mandated by North Carolina Supreme Court Administrative Order No. 33" violated her Due Process rights.  [D.E. 1-5] at 2.  Even assuming that an administrative order provided such a requirement, plaintiff has not pointed to any authority showing that any failure to follow such a requirement would constitute a due process violation.   Accordingly, the undersigned RECOMMENDS that plaintiff's claim associated with the absence of a seal on the Show Cause Order be DISMISSED for failure to state a claim.

**E.      Deficient pleading**

As noted above, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1), (2).  The following claims fail to satisfy this standard.

**1.      NCDHHS**

Plaintiff's claims NCDHHS improperly "continued to exercise jurisdiction over the [state action by issuing the Show Cause Order] . . . despite the case being under federal jurisdiction." [D.E. 1-5] at 2.  The Show Cause Order was issued by Judge Bell.  [D.E. 1-2].  There is no indication that NCDHHS was involved in issuing the Show Cause Order or otherwise "exercise[d] jurisdiction" over the state court action.  It is unclear from plaintiff's complaint how any alleged

18

actions by NCDHHS support any of plaintiff's causes of action. Accordingly, the undersigned RECOMMENDS that all claims against NCDHHS additionally be DISMISSED as frivolous based on deficient pleading under Rule 8.

### 2. Claims for declaratory judgment and injunctive relief

Plaintiff lists her request for a declaratory judgment and for injunctive relief as separate causes of actions in her complaint. The undersigned finds that these forms of relief are unavailable to the undersigned in the present matter in light of the *Younger* abstention doctrine for the reasons discussed above. Accordingly, to the extent that these matters constitute separate claims, the undersigned RECOMMENDS that all such claims be DISMISSED.

### 3. Additional legislative provisions

To the extent that plaintiff was attempting to bring additional claims pursuant to 28 U.S.C. § 1446(d) or the North Carolina Constitution Art. I §§ 1, 19, the undersigned notes that 28 U.S.C. § 1446 does not authorize a private right of action, *Lawrence v. Chancery Ct. of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999); *Ricky Emery Kamdem Ouaffo T/A Kamdem Grp. v. Leblon*, No. 15-7481, 2015 WL 9463091, at *2 (D.N.J. Dec. 21, 2015), *aff'd sub nom. Kamdem-Ouaffo v. Leblon*, 673 F. App'x 223 (3d Cir. 2016). This court does not have subject matter jurisdiction to consider a claim under the Constitution of the State of North Carolina, as there is no diversity jurisdiction in this case. *See* [D.E. 1] at 1-2 (indicating that both plaintiff and defendants are citizens of North Carolina).

Accordingly, the undersigned RECOMMENDS that any additional claims be DISMISSED as frivolous.

19

## V. CONCLUSION

For the reasons set forth above, the undersigned RECOMMENDS that plaintiff's complaint [D.E. 1] be dismissed as frivolous, for failure to state a claim, and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on plaintiff or, if represented, her counsel. Plaintiff shall have until **December 3, 2024**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and**

Recommendation.  *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, this 18th day of November, 2024.

_____
Brian S. Meyers
United States Magistrate Judge