IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-564-FL

| | |
|---|---|
| SHAQUAN LAVENA LESANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JULIE LYNN BELL, in her official and ) | ORDER |
| individual capacity; and NORTH ) | |
| CAROLINA DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES ) | |
| DIVISION OF CHILD SUPPORT ) | |
| ENFORCEMENT, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of plaintiff's pro se complaint, (DE 1), pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Brian S. Meyers (the "magistrate judge") entered order and memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint. (DE 8). Plaintiff objected to the M&R, including an embedded motion to amend her complaint. (DE 9). In this posture, the issues raised are ripe for ruling.

## BACKGROUND

Plaintiff initiated the instant action October 2, 2024, by moving for leave to proceed in forma pauperis and filing complaint against Judge Julie Lynn Bell ("Judge Bell") in her official and individual capacities and against the North Carolina Department of Health and Human Services Division of Child Support Enforcement ("the department"). Plaintiff asserts claims under

42 U.S.C. § 1983, on the basis that defendants deprived her of due process and equal protection as guaranteed by the Fourteenth Amendment to the Constitution. (See Compl. (DE 1) at 3; DE 1-5 at 3). The court incorporates herein the facts and background as more particularly set forth in the M&R:

> On or about July 8, 2024, a civil action was filed in Wake County District Court against [plaintiff] for a child support enforcement action (the "state action") brought by Wake County, North Carolina on behalf of Jeffery B. Edwards, Jr. ("Mr. Edwards"). See Wake Cnty. v. Lesane, No. 24CV020955-910 (Dist. Ct. Wake Cnty. Filed July 8, 2024). The minor child who is the subject of the state action is the child of Mr. Edwards and [plaintiff]. See id. A state court summons issued on July 8, 2024, required [plaintiff] to appear at the Wake County Courthouse on August 21, 2024, in relation to the state action. (See DE 1-2). On August 15, 2024, [plaintiff] filed a notice of removal of the state action to this court. (DE 1-1); (DE 1-5 at 2); see also Docket Entry 1, Wake Cnty. on behalf of Edwards v. Lesane, No. 5:24-CV-469-FL, (E.D.N.C. Aug. 15, 2024).[fn1] On August 20, 2024, the motion was referred to U.S. Magistrate Judge Kimberly A. Swank ("Judge Swank"). On August 21, 2024, [plaintiff] did not appear at the Wake County Courthouse as ordered by the state court summons. Additionally, on August 21, 2024, Judge Swank issued an Order and Memorandum & Recommendation ("Order and M&R") recommending the district court to issue an order remanding the matter to Wake County District Court for lack of subject matter jurisdiction, pursuant to 28 U.S.C. 1447(c). See Fraiser on behalf of Edwards v. Lesane, No. 5:24-CV-469-FL-KS, 2024 WL 4489676, at *2 (E.D.N.C. Aug. 21, 2024), report and recommendation adopted sub nom. Wake Cnty. on behalf of Edwards v. Lesane, No. 5:24-CV-469-FL, 2024 WL 4235477 (E.D.N.C. Sept. 19, 2024). The deadline for objections to the Order and M&R was originally September 9, 2024, and was extended to September 18, 2024, upon a motion by [plaintiff]. See Docket Entry 8, Wake Cnty. on behalf of Edwards v. Lesane, No. 5:24-CV-469-FL, (E.D.N.C. Sept. 9, 2024).
>
> On August 25, 2024, Judge Julie L. Bell ("Judge Bell"), presiding over the underlying state action, issued an order to show cause (the "Show Cause Order") why [plaintiff] "should not be committed to jail for refusing to comply with the lawful summons." (D.E. 1-2). The Show Cause Order set a civil contempt hearing on November 1, 2024, at the Wake County Courthouse. Id. On September 19, 2024, [the undersigned] signed an order (i) adopting the recommendations by Judge Swank; (ii) denying [plaintiff's] motion for reconsideration; and (iii) remanding the matter to Wake County District Court due to lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c). See Wake Cnty. on behalf of Edwards v. Lesane, No. 5:24-CV-469-FL, 2024 WL 4235477, at *2.
>
> [fn1]. The [magistrate judge] takes judicial notice of the docket and filings in the state-court matter, which are available from the North Carolina eCourts portal,

https://portal-nc.tylertech.cloud/Portal/ (last visited Nov. 15, 2024). As relevant here, plaintiff's notice of removal is shown as filed in the Wake County Superior Court on August 15, 2024. See Index #8: Wake Cnty. v. Lesane, No.24-CV-020955-910 (Dist. Ct. Wake Cnty. filed July 8, 2024).

(M&R (DE 8) at 2-3).[1]

In the instant order and M&R, the magistrate judge allowed plaintiff to proceed in forma pauperis and, on frivolity review, recommended that plaintiff's complaint be dismissed on the basis of Younger abstention, sovereign immunity, absolute judicial immunity, failure to state a claim, and deficient pleading. Plaintiff filed objections and embedded motion to amend December 2, 2024.

**DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an action that is

---

[1]  Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

3

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

B.  Analysis

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant complaint. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R. The court writes separately to augment the analysis of the M&R and to address plaintiff's objections.

1.  Abstention

The magistrate judge correctly determined that this court must refrain from exercising jurisdiction due to abstention under Younger v. Harris, 401 U.S. 37 (1971).[2] In Younger the United States Supreme Court enunciated "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." Id. at 41. "Like all abstention doctrines, Younger abstention is an exception to the general rule that federal courts must decide cases over which they have jurisdiction." Erie Ins. Exch. v. Md. Ins. Admin., 105 F.4th 145, 149 (4th Cir. 2024).[3]

Proper respect for state functions "mandates application of Younger abstention . . . when certain civil proceedings are pending, if the [s]tate's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the [s]tates and the [n]ational [g]overnment." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987). "Younger

---

[2]   The M&R describes Younger abstention as depriving this court of subject matter jurisdiction. (M&R 10). However, the doctrine instead mandates against intervention even where subject matter jurisdiction lies. See Ohio Civil Rights Com'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 626 (1986) (Younger abstention "does not arise from lack of jurisdiction in the [d]istrict [c]ourt, but from strong policies counseling against the exercise of such jurisdiction.").

[3]   Internal citations and quotation marks are omitted from citations unless otherwise specified.

4

mandates that a federal court abstain from exercising jurisdiction . . . if 1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that 2) implicates important, substantial, or vital state interests; and 3) provides adequate opportunity to raise constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006). "[D]ismissal on grounds of abstention . . . must not be with prejudice." Am. Trial Laws. Ass'n, N.J. Branch v. N.J. Supreme Court, 409 U.S. 467, 469 (1973).

Plaintiff objects to the magistrate judge's determination that the third Nivens prong is met. (See Obj. 4 ("The state court's refusal to adhere to procedural safeguards or recognize federal removal statutes further highlights the inadequacy of the state forum to address [p]laintiff's claims.")). This objection misses the mark. The federal court need only determine that a state forum exists to hear a plaintiff's constitutional claim, not that the state court will agree with that claim or that it has merit. See, e.g., Moore v. Sims, 442 U.S. 415, 430 (1979) ("[T]he only pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims."). The magistrate judge correctly determined that plaintiff may raise her constitutional claims in the state court action, (see M&R 8), and plaintiff cites no law or rule proscribing such action. Indeed, by issuing a show cause order, the state court has expressly provided plaintiff an opportunity to be heard. By scheduling a hearing, the state court indicated its willingness and ability to hear what plaintiff has to say. Accordingly, the requirements for Younger abstention are met.

There are three "exceedingly narrow," Air Evac EMS, Inc. v. McVey, 37 F.4th 89, 100 (4th Cir. 2022), exceptions to Younger abstention for cases in which 1) "there is a showing of bad faith or harassment by state officials," 2) "the state law to be applied . . . is flagrantly and patently violative of express constitutional prohibitions," or 3) "other extraordinary circumstances exist

5

that present a threat of immediate and irreparable injury," Nivens, 444 F3d at 241. Plaintiff seeks to squeeze her case into these narrow exceptions by alleging bad faith and extraordinary circumstances warranting federal intervention. (Obj. 3).

Plaintiff asserts the defendants acted in bad faith by "knowingly proceeding in state court without jurisdiction despite the proper removal of the case to federal court." (Obj. 3). "'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975). This is such a narrow exception that "there is no case since Younger was decided in which the Supreme Court has found the [bad faith] Younger exception was applicable." Erie, 105 F.4th at 153 n.3. Plaintiff presents no evidence that defendants undertook any acts in the underlying state action other than in a good faith attempt to apply North Carolina law. Accordingly, there is no basis to find bad faith warranting exception from Younger. See Perez v. Ledesma, 401 U.S. 82, 85 (1971) (holding abstention necessary where nothing in the record suggested state "officials undertook . . . prosecutions other than in good-faith attempt to enforce the [s]tate's criminal laws").

Plaintiff also asserts the existence of extraordinary circumstances, including continued emotional distress and procedural defects in a November 1, 2024, hearing in the state court case. (Obj. 3-4). However, in the context of Younger abstention, "extraordinary circumstances" are those which "render the state court incapable of fairly and fully adjudicating the federal issues before it." Kugler, 421 U.S. at 124. "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute irreparable injury in the special legal sense of that term." Id. Analogously here, the "cost, anxiety, and inconvenience" of participating in a single child support proceeding is not an irreparable injury warranting federal intervention. Plaintiff does not allege that she was prevented from raising any of her constitutional concerns in

6

the November 1, 2024, hearing or that the state court was unable or unwilling to hear such matters if properly raised. Accordingly, no extraordinary circumstances justify an exception from Younger abstention.

In sum, plaintiff brings to this court claims about an ongoing state court child support proceeding without showing that the state court is incapable of addressing her concerns. In accordance with Younger and its progeny, this court may not hear plaintiff's claims or make any decision on their merits. Accordingly, plaintiff's complaint must be dismissed without prejudice under Younger. See Am. Trial Laws. Ass'n, N.J. Branch, 409 U.S. at 469.

2. Sovereign Immunity

In addition and in the alternative, defendants are immune from suit under the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting [s]tates may not be sued by private individuals in federal court." Bd. of Trs. v. Garrett, 531 U.S. 356, 363 (2001). Exceptions to a state's sovereign immunity under the Eleventh Amendment exist only where 1) the state has unequivocally waived its immunity, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984); 2) Congress has explicitly overridden the state's immunity, see Quern v. Jordan, 440 U.S. 332, 342, 99 (1979) (holding 42 U.S.C. § 1983 does not override states' Eleventh Amendment immunity); or 3) the plaintiff seeks prospective relief under the doctrine of Ex Parte Young, 209 U.S. 123 (1908).

"Sovereign immunity is jurisdictional in nature and the terms of a sovereign's consent to be sued in any court define that court's jurisdiction to entertain the suit." Bullock v. Napolitano, 666 F.3d 281, 284 (4th Cir. 2012). Dismissal for lack of subject matter jurisdiction must be "without prejudice." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

Here, the department, as an agency of the state of North Carolina, is entitled to sovereign immunity under the Eleventh Amendment, and no exception applies. The narrow exception to sovereign immunity created by Ex Parte Young, "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the [s]tates and their agencies, which are barred regardless of the relief sought." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). Thus, where North Carolina's sovereign immunity has not been waived or overridden, all claims against the department are barred by the Eleventh Amendment and must be dismissed without prejudice for lack of jurisdiction. See Bullock, 666 F.3d at 284.

Plaintiff's reliance on Loper Bright Enters. v. Raimondo, 144 S. Ct. 2244 (2024) is inapposite. Loper Bright overturned Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984), which required courts to give deference to federal agencies when interpreting ambiguous statutory delegations of authority. Loper Bright, 144 S. Ct. at 2273. Neither Chevron, nor Loper Bright, is applicable to the department, which is a state agency.

Additionally, defendant Judge Bell, acting as a state court judge, is entitled to sovereign immunity for her official acts, and Ex Parte Young does not revoke such immunity.[4] Whole Woman's Health v. Jackson, 595 U.S. 30, 39 (2021) (The Ex Parte Young "exception does not normally permit federal courts to issue injunctions against state-court judges" because "an injunction against a state court or its machinery would be a violation of the whole scheme of our

---

[4] The magistrate judge correctly noted that although plaintiff captions her complaint against Judge Bell "in her official and individual capacity," all her allegations refer to acts Judge Bell completed in her official judicial capacity. (M&R 14).

[g]overnment."). Thus, all claims against defendant Judge Bell are barred by the Eleventh Amendment and must be dismissed also without prejudice. See Bullock, 666 F.3d at 284.[5]

4. Motion to Amend

Plaintiff's objection includes an embedded motion for leave to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2). (Obj. 5). Although "leave to amend shall be freely given when justice so requires," it should be denied when "the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (2006). Because this court must abstain from exercising jurisdiction over plaintiff's claims, see supra Section 1, and plaintiff's proposed amendment alleges no facts repudiating application of Younger abstention, this court also must abstain from jurisdiction to hear her amended complaint. Thus, such amendment would be futile. Accordingly, plaintiff's motion for leave to amend is denied.

**CONCLUSION**

Upon de novo review of those portions of the M&R to which specific objection has been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendation in the M&R (DE 8). Plaintiff's claims are DISMISSED WITHOUT PREJUDICE on the basis of Younger abstention and sovereign immunity, and pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's embedded motion for leave to amend (DE 9) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of December, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[5] The M&R also determined that plaintiffs' claims must be dismissed for failure to state a claim, due to absolute judicial immunity, and for deficient pleading. However, where this court determines that dismissal is warranted due to abstention and lack of subject matter jurisdiction, the court must dismiss on that basis and the court is thus "incapable of reaching a disposition on the merits of the underlying claims." Southern Walk, 713 F.3d at 186 (emphasis in original).